HEARD APRIL TERM, 1876.

## MORDECAI *vs.* COUNTY OF CHARLESTON.

An assignment of a judgment for the plaintiff determines the authority of his attorney of record; and all the attorney's subsequent acts and proceedings as such attorney, if without the consent or knowledge of the assignee, are null and void.

So, also, it seems that the entry of a judgment for the plaintiff puts an end to the authority of his attorney over the record.

BEFORE REED, J., AT CHARLESTON, MAY, 1876.

The case was as follows:

Macon B. Allen brought an action in the Court of Common Pleas for Charleston County against the County of Charleston, and an answer, verified by one of the County Commissioners, was filed by the attorney of the defendant.

On the 25th January, 1875, an order was entered, by consent, that the plaintiff have judgment against the defendant for $403.72, and thereupon judgment was entered.

On the 31st March, 1875, the plaintiff, by writing endorsed on the record, assigned the judgment to T. M. Mordecai, in trust, to sell the judgment and apply the proceeds to the satisfaction of certain claims against the plaintiff. The assignee issued execution upon the judgment in his own name.

On the 13th day of April, 1875, an order was made by the Court setting aside this and other judgments against the County of Charleston, and referring them to a Referee for trial. No written notice of this order was served upon the plaintiff, his attorney or the assignee. [See the petition to set aside the judgments and the order of 13th April, 1875, in *Ex parte Williams, in re Campbell* vs. *County of Charleston*, 7 S. C., 71.]

After the order of 13th April, 1875, was made, the plaintiff and his attorney on record, without the knowledge or consent of the assignee, submitted the case to the Referee for trial. Proofs were taken and argument heard by the Referee, who filed his report allowing the plaintiff $36.50.

No exceptions to the report were filed.

On the 4th May, 1876, T. M. Mordecai, the assignee, moved His Honor Judge Reed to rescind so much of the order of the 13th April, 1875, as applied to this case, alleging that the submission of the case to the Referee for trial by the attorney for the plaintiff on record, without the knowledge or consent of the assignee, was without authority,—his authority as attorney of record having been ended by the assignment of the judgment. The motion was refused, and the assignee appealed.

*Mordecai*, for appellant, cited *Treasurers* vs. *McDowell*, 1 Hill, 185.

*Miles*, contra, contended that the motion to rescind the order of 13th April, 1875, was addressed to the discretion of the Circuit Judge, and his decision will not be reviewed upon appeal. He referred to *Meek* vs. *Richardson*, 4 Rich., Eq., 91 ; 4 Waite's Pr., 245, 465 ; Voorhies' Code, 651, note *k*.

December 1, 1876.   The opinion of the Court was delivered by

WRIGHT, A. J.   On the 25th day of February, 1875, the presiding Judge signed an order that Macon B. Allen, plaintiff, have leave to enter judgment against the County of Charleston for $403.72 and costs. Judgment was entered.

On the 31st day of March, 1875, plaintiff assigned this judgment to T. M. Mordecai, trustee, to dispose of in a certain manner agreed upon.

On the same day the assignee issued an execution on this judgment in his own name as trustee and plaintiff's attorney, he being at the time one of the attorneys of the Court. It appears that the attorney who was the attorney on record previous to the assignment of the judgment to T. M. Mordecai subsequently to the assignment agreed to submit the case to a Special Referee for trial. The Referee reported, allowing $36.50, to which no exceptions were filed.

On the 4th day of May, 1876, T. M. Mordecai, assignee, moved His Honor Judge Reed to rescind so much of the order of April 13th, 1875, as applied to this case, alleging that the submission of the case to the Special Referee for trial by the original attorney of the plaintiff was without his knowledge or consent, and was without authority,—the right of the original attorney having ended with the assignment of the judgment.

This motion was refused, and an order made referring the case back to the Special Referee for trial de novo, so as to allow the assignee an opportunity of proving his case. From this order, refusing to rescind the order of April 13th, 1875, the assignee appeals to this Court.

The trustee, though an attorney of the Court, may not have had authority to issue an execution on the judgment obtained for the plaintiff by the attorney who issued the summons and complaint, and was therefore the attorney on record, without first obtaining an order substituting himself as attorney thereon. While this may be true, the action of the attorney on record in consenting to submit the case to a Referee for trial was without authority. All the right and interest in the judgment had been legally transferred to the appellant, and without his sanction, and certainly without notice to him, no proceeding could be entertained which could affect the legal rights vested in him by the assignment. The authority of the attorney of record is determined by the judgment, though on actual receipt of the money he may acknowledge satisfaction.—Treasurer vs. McDowell, 1 Hill, 185.

The other questions in this case have been fully considered and determined in the case of Ex parte George W. Williams et al, in re

*F. Campbell* vs. *The County of Charleston*, heard at the November Term, 1875.—See manuscript opinion.

So much of the order of April 13th, 1875, as applied to this case must, therefore, be rescinded, and it is so ordered.

The motion is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.